CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General

RYAN S. WATSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: 202.514.5173
Ryan.Watson@usdoj.gov

*Of Counsel*:
JOHN W. HUBER
United States Attorney
District of Utah

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DOUGLAS R. MADSEN; <br> ANDREA C. MADSEN; <br> GRAND SCALE, INC.; <br> ENTRY LEVEL; <br> WILLOW VALLEY TRUST; <br> STATE OF UTAH, TAX COMMISSION; <br> AND SANPETE COUNTY, UTAH, <br><br> Defendants. | Case No. 2:16-cv-00946-DN |

### UNITED STATES' AMENDED COMPLAINT

The United States of America, through its undersigned counsel, files this Amended

Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(A) within 21 days after serving it on the

following Defendants: Douglas R. Madsen on November 21, 2016 (ECF No. 13); Grand Scale,

Inc. on November 21, 2016 (ECF No. 14); Entry Level on November 21, 2016 (ECF No. 15); Willow Valley Trust on November 21, 2016 (ECF No. 16); Sanpete County, Utah on November 22, 2016 (ECF No. 17); the State of Utah, Tax Commission on December 1, 2016 (ECF No. 18); and Andrea Madsen on November 22, 2016 (ECF No. 19). The United States makes the following claims against the Defendants:

## INTRODUCTION

1. This is a civil action timely brought by the United States to reduce to judgment certain outstanding federal tax liabilities assessed against Defendants Douglas R. Madsen and Andrea C. Madsen and foreclose related federal tax liens on real property located in Sanpete County, Utah.

2. This action is commenced pursuant to 26 U.S.C. § 7401 and 26 U.S.C. § 7403 at the direction of the Attorney General of the United States and with the authorization and request of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury of the United States.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1340, 28 U.S.C. § 1345, and 26 U.S.C. § 7402.

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1396, because it is the district where the liability for the taxes at issue accrued and where the property that is the subject of the action is situated.

\\
\\

**IDENTIFICATION OF DEFENDANTS**

5. Defendant Douglas Madsen is an adult individual currently incarcerated in FCI Englewood in Englewood, Colorado. Mr. Madsen resided in Sanpete County, Utah immediately before his incarceration, and he resided in Sanpete County, Utah during all periods in which the tax liabilities at issue in this case accrued. Mr. Madsen is named as a defendant in this action because he has unpaid federal tax liabilities and criminal restitution and because he has an interest in the real property at issue in this case.

6. Defendant Andrea Madsen is an adult individual residing in this judicial district. She is named as a defendant in this action because she has unpaid federal tax liabilities and because she has an interest in the real property at issue in this case.

7. Defendant Grand Scale, Inc. is an inactive business corporation organized in the State of Washington. Grand Scale, Inc. is named as a defendant in this action because it is Defendant Douglas Madsen's nominee, transferee, or alter ego, and pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue.

8. Defendant "Entry Level" is an unincorporated fictitious name used by Defendant Douglas Madsen to attempt to encumber the real property at issue in this case. "Entry Level" is named as a defendant in this action because Defendant Douglas Madsen identified it as a mortgagee on the real property at issue and pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue.

9. Defendant "Willow Valley Trust" is an unincorporated fictitious name used by Defendant Douglas Madsen to attempt to encumber the real property at issue in this case. "Willow Valley Trust" is named as a defendant in this action because Defendant Douglas

Madsen identified it as a Uniform Commercial Code ("UCC") creditor of Grand Scale, Inc. and pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue.

10. Defendant State of Utah, Tax Commission, is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue.

11. Defendant Sanpete County, Utah, is named as a party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue.

## 2000-2004 TAX LIABILITIES AND LIENS
## AGAINST DOUGLAS MADSEN

12. On September 11, 2006, a delegate of the Secretary of the Treasury made timely assessments against Defendant Douglas Madsen for unpaid individual income (Form 1040) taxes, penalties, and interest as follows:

**Form 1040 Assessments**

| Tax Year | Assessment Date | Amount Assessed | Unpaid Balance Plus Accruals as of 9/9/2016 |
|---|---|---|---|
| 2000 | 9/11/2006 | $ 187,602.00 (Tax) | |
| | 9/11/2006 | 136,011.45 (Fraudulent Failure to File Penalty) | |
| | 9/11/2006 | 10,020.73 (Estimated Tax Penalty) | |
| | 9/11/2006 | 46,900.50 (Failure to Pay Tax Penalty) | |
| | 9/11/2006 | 119,894.37 (Interest) | $ 766,949.37 |
| 2001 | 9/11/2006 | $ 121,472.00 (Tax) | |
| | 9/11/2006 | 88,067.20 (Fraudulent Failure to File Penalty) | |
| | 9/11/2006 | 1,479.69 (Estimated Tax Penalty) | |
| | 9/11/2006 | 30,368.00 (Failure to Pay Tax Penalty) | |
| | 9/11/2006 | 58,431.50 (Interest) | $ 459,478.75 |
| 2002 | 9/11/2006 | $ 74,697.00 (Tax) | |
| | 9/11/2006 | 54,155.33 (Fraudulent Failure to File Penalty) | |
| | 9/11/2006 | 2,496.12 (Estimated Tax Penalty) | |
| | 9/11/2006 | 15,312.88 (Failure to Pay Tax Penalty) | |
| | 9/11/2006 | 26,782.91 (Interest) | $ 269,168.75 |

| 2003 | 9/11/2006 | $ 66,244.00 | (Tax) | |
| | 9/11/2006 | 48,026.90 | (Fraudulent Failure to File Penalty) | |
| | 9/11/2006 | 1,733.57 | (Estimated Tax Penalty) | |
| | 9/11/2006 | 9,605.38 | (Failure to Pay Tax Penalty) | |
| | 9/11/2006 | 17,667.13 | (Interest) | $ 226,530.99 |
| 2004 | 9/11/2006 | $ 50,974.00 | (Tax) | |
| | 9/11/2006 | 36,956.15 | (Fraudulent Failure to File Penalty) | |
| | 9/11/2006 | 1,479.62 | (Estimated Tax Penalty) | |
| | 9/11/2006 | 4,332.79 | (Failure to Pay Tax Penalty) | |
| | 9/11/2006 | 8,856.23 | (Interest) | $ 164,506.85 |
| | | | Total: | $1,886,634.71 |

13. Despite timely notice and demand for payment of the above-described assessments, Defendant Douglas Madsen has neglected, failed, or refused to fully pay the assessments made against him.

14. Since the dates of the above-described assessments, interest, penalties, and statutory additions have accrued and will continue to accrue, as provided by law.

15. Collections have also been made and applied to these liabilities. As of September 9, 2016, Mr. Madsen owes the United States $1,886,634.71 on the assessments described in Paragraph 12, above.

16. Pursuant to 26 U.S.C. § 6321 and 26 U.S.C. § 6322, tax liens arose in favor of the United States on the dates of the assessments and attached to all property and rights to property of Douglas Madsen, including property held or later held by his nominee and transferee, Grand Scale, Inc.

17. In order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS filed Notices of Federal Tax Liens ("NFTL") regarding the above-described tax assessments with the County Recorder of Sanpete County, Utah on November 27, 2006. The IRS refiled its NFTLs on August 10, 2016.

18. In addition, the IRS filed Notices of Federal Tax Liens as to Grand Scale, Inc., as alter ego, nominee, or transferee of Douglas R. Madsen, regarding the tax assessments with the County Recorder of Sanpete County on April 3, 2007. The IRS refiled its NFTLs on August 10, 2016.

## 2000-2004 TAX LIABILITIES AND LIENS AGAINST ANDREA MADSEN

19. On the dates and in the amounts listed below, a delegate of the Secretary of the Treasury made timely assessments against Defendant Andrea Madsen for unpaid individual income (Form 1040) taxes, penalties, and interest as follows:

**Form 1040 Assessments**

| Tax Year | Assessment Date | Amount Assessed | Unpaid Balance Plus Accruals as of 9/9/2016 |
|---|---|---|---|
| 2000 | 6/13/2007 | $ 196,552.00 (Tax) | |
| | 6/13/2007 | 142,500.20 (Fraudulent Failure to File Penalty) | |
| | 6/13/2007 | 49,138.00 (Failure to Pay Tax Penalty) | |
| | 6/13/2007 | 154,479.50 (Interest) | |
| | 2/4/2008 | 20.00 (Collection Costs) | |
| | 10/14/2013 | 171,832.11 (Interest) | |
| | 10/13/2014 | 21,699.00 (Interest) | |
| | 10/19/2015 | 22,794.53 (Interest) | $ 783,060.49 |
| 2001 | 6/13/2007 | $ 130,676.00 (Tax) | |
| | 6/13/2007 | 94,740.10 (Fraudulent Failure to File Penalty) | |
| | 6/13/2007 | 30,055.48 (Failure to Pay Tax Penalty) | |
| | 6/13/2007 | 80,766.66 (Interest) | |
| | 10/14/2013 | 106,464.05 (Interest) | |
| | 10/13/2014 | 13,444.23 (Interest) | |
| | 10/19/2015 | 14,123.00 (Interest) | $ 485,154.98 |
| 2002 | 6/13/2007 | $ 80,966.00 (Tax) | |
| | 6/13/2007 | 58,700.35 (Fraudulent Failure to File Penalty) | |
| | 6/13/2007 | 13,764.22 (Failure to Pay Tax Penalty) | |
| | 6/13/2007 | 39,510.22 (Interest) | |
| | 10/14/2013 | 61,091.38 (Interest) | |
| | 10/13/2014 | 7,714.59 (Interest) | |
| | 10/19/2015 | 8,104.08 (Interest) | $ 278,392.45 |

| 2003 | 6/13/2007 | $ 70,654.00 (Tax) | |
| | 6/13/2007 | 51,224.15 (Fraudulent Failure to File Penalty) | |
| | 6/13/2007 | 7,771.94 (Failure to Pay Tax Penalty) | |
| | 6/13/2007 | 27,584.95 (Interest) | |
| | 10/14/2013 | 49,785.75 (Interest) | |
| | 10/13/2014 | 6,286.93 (Interest) | |
| | 10/19/2015 | 6,604.33 (Interest) | $ 226,872.94 |
| 2004 | 7/30/2007 | $ 54,892.00 (Tax) | |
| | 7/30/2007 | 39,796.70 (Fraudulent Failure to File Penalty) | |
| | 7/30/2007 | 2,744.60 (Failure to Pay Tax Penalty) | |
| | 7/30/2007 | 17,157.63 (Interest) | |
| | 10/14/2013 | 34,737.17 (Interest) | |
| | 10/13/2014 | 4,534.88 (Interest) | |
| | 10/19/2015 | 4,763.83 (Interest) | $ 163,647.83 |
| | | Total: | $1,937,128.69 |

20. Despite timely notice and demand for payment of the above-described assessments, Defendant Andrea Madsen has neglected, failed, or refused to fully pay the assessments made against her.

21. Since the dates of the above-described assessments, interest, penalties, and statutory additions have accrued and will continue to accrue, as provided by law.

22. Collections have also been made and applied to these liabilities. As of September 9, 2016, Mrs. Madsen owes the United States $1,937,128.69 on the assessments described in Paragraph 19, above.

23. Pursuant to 26 U.S.C. § 6321 and 26 U.S.C. § 6322, tax liens arose in favor of the United States on the dates of the assessments and attached to all property and rights to property of Andrea Madsen, including property held or later held by her nominee and transferee, Grand Scale, Inc.

24. In order to provide notice to third parties entitled to notice of the statutory liens under 26 U.S.C. § 6323, the IRS filed Notices of Federal Tax Liens ("NFTL") regarding the above-described January 18, 2008. The IRS refiled its NFTLs on October 4, 2016.

## THE UNITED STATES' CRIMINAL RESTITUTION LIEN AGAINST DOUGLAS MADSEN

25. Douglas Madsen was indicted on October 22, 2009 on one count of tax evasion under 26 U.S.C. § 7201. *United States v. Madsen*, No. 2:09-cf-00808 (D. Utah) [ECF No. 1].

26. On August 30, 2013, Mr. Madsen was convicted for tax evasion [*Id.* ECF No. 209], ordered to pay restitution in the amount of $511,177.59 [*Id.* ECF No. 209-210], and sentenced to a 33-month prison term (with three years of supervised release to follow [*Id.* ECF No. 209]. The Judgment and Restitution Order was stayed during the pendency of his appeal to the Tenth Circuit [*Id.* ECF No. 245].

27. The Judgment and Restitution Order was affirmed by the Tenth Circuit on June 19, 2015 [*Id.* ECF No. 257], and Mr. Madsen is now confined in FCI Englewood serving his sentence. All appeals of the Restitution Order and rights to make such appeals have expired.

28. Under 18 U.S.C. § 3613(c), a lien arose on all property and rights to property of Mr. Madsen on the date of the Judgment and Restitution Order. The United States recorded a notice of this lien on August 1, 2016 in accordance with 18 U.S.C. § 3613(d) and 26 U.S.C. § 6323.

29. Additionally, on December 21, 2015, a delegate of the Secretary of the Treasury assessed the unpaid criminal restitution against Mr. Madsen pursuant to 26 U.S.C. § 6201(a)(4). Those assessments, which encompass the 1995 and 2000, 2001, 2002, 2003, and 2004 tax years, are noted on the August 1, 2016 notice described in Paragraph 28, above.

## THE SUBJECT PROPERTIES

30. This action seeks to foreclose upon 20 parcels of real property located in Sanpete County, Utah ("the Subject Properties"). Each parcel of the Subject Properties is more particularly described as follows:

A. 192 North 300 East, Ephraim, UT 84627, Parcel 353 ("Parcel A")
Legal Description: BEG NW COR BLK 25, LOT 4, PLAT A, EPHRAIM CITY SURVEY: E 99 FT. SE'LY 147 FT. W 178.50 FT N 122.50 FT TO BEG CONT .39 AC

B. 149 North 100 East, Ephraim, UT 84627, Parcel 409 ("Parcel B")
Legal Description: LOT 13, BLK 28, PLAT A, Ephraim City Survey BEING 6.8 BY 22 RDS CONT .93 AC Parcel Number 409

C. Parcel Number 21287, 9.53 acres of land located in Sanpete County ("Parcel C")
Legal Description: BEG 30.50 C E, SW COR SEC 25-14-23 E 15C, N 6.48 C, S89*W 15 C, S 6.22 C TO BEG CONT 9.53

D. Parcel Number 21295, 11.25 acres of land located in Sanpete County ("Parcel D")
Legal Description: BEG 7.17 C E, SW COR SEC 25-14-2E E 23.33 C, N 6.22 C, S89*W 7.15 C, S38*W 7.15 C, S38*W 1.69 C, S84*W 15.23 C, S 3.30 C TO BEG CONT 11.25 AC

E. Parcel Number 21296X, 9.55 acres of land located in Sanpete County ("Parcel E")
Legal Description: BEG 45.50 C E SW COR SEC 25-14-2E E 14.50 C, N 6.73 C, S89*W 14.50 C, S 6.48 C TO BEG CONT 9.55 AC

F. Parcel Number 21302, 60 acres of land located in Sanpete County ("Parcel F")
Legal Description: BEG SW COR NW1/4 NW1/4 SEC 35-14-2E E 60 C, N 10 C,W 60 C, S 10 C TO BEG CONT 60 AC

G. Parcel Number 21304, 160 acres of land located in Sanpete County ("Parcel G")
Legal Description: N1/2 S1/2 SEC 35-14-2E CONT 160 AC

H. Parcel Number 21307X, 1.09 acres of land located in Sanpete County ("Parcel H")
Legal Description: Beginning 11.5 chains (759 ft) south of the northwest corner of Section 36 Township 14 South, Range 2 East, Salt Lake Base Meridian; and running thence south 2.75 chains (181.50 ft) thence east 3.96 chains (261.36 ft) thence north 2.75 chains (181.50 ft), thence west 3.96 chains (261.36 ft) to the point of beginning, 1.09 AC

I. Parcel Number 21307X1, 2.50 acres of land located in Sanpete County ("Parcel I")

<u>Legal Description</u>: BEG 11.50 C S, E 8.42 C, S 2.166 C NW COR SEC 36-14-2E E 11.58 C, S 2.16 C, @ 11.58 C, N 2.16 C TO BEG CONT 2.50 AC

J. Parcel Number 21307X3, 0.54 acres land located in Sanpete County ("Parcel J")
<u>Legal Description</u>: BEG 11.50 C S, E 3.96 C NW COR SEC 36-14-2E 3.96 C, N 1.375 C TO BEG CONT .545 AC

K. Parcel Number 21307X4, 1.37 acres of land located in Sanpete County ("Parcel K")
<u>Legal Description</u>: BEG 11.50 C S, E 8.42, S 4.32 C, NW COR SEC 36-14-2E 11.58 C, S 1.18 C, W 11.58 C, N 1.18 C TO BEG CONT 1.37 AC

L. Parcel Number 21307X5, 2.50 acres of land located in Sanpete County ("Parcel L")
<u>Legal Description</u>: BEG 11.50 C S, E 8.42 C, NW COR SEC 36-14-2E E 11.58 C, S 2.16 C, W 11.58 C, N 2.16 C TO BEG

M. Parcel Number 2038X, 40 acres of land located in Sanpete County ("Parcel M")
<u>Legal Description</u>: SE1/4 NW1/4 SEC 36-14-2E CONT 40 AC

N. Parcel Number 21309, 92 acres of land located in Sanpete County ("Parcel N")
<u>Legal Description</u>: SW1/4 NW ¼ LOT 3, SEC 36-14-2E CONT 92 AC

O. Parcel Number 21321, 5 acres of land located in Sanpete County ("Parcel O")
<u>Legal Description</u>: BEG 9 C S, NW COR CES 36-14-2E E 20 C, S 2.50 C, W 20 C, N 2.5 C TO BEG R-O W FOR TEAMS ON THE N SIDE CONT 5 AC

P. Parcel Number 21322, 8 acres of land and residence located in Sanpete County ("Parcel P")
<u>Legal Description</u>: Beginning 5 chains (330 ft) south of the northwest corner of Section 36, Township 14 South, Range 2 East, Salt Lake Base Meridian; and running thence east 20 chains (1320 ft) thence south 4 chains (264 ft) thence west 20 chains (1320 ft) thence north 4 chains (264 ft) to the point of beginning 8 AC

Q. Parcel Number 2032X, 7.55 acres of land located in Sanpete County ("Parcel Q")
<u>Legal Description</u>: BEG 2.81 C S NW COR SEC 36-14-2E N88*15' E 7.18 C, N 2.60 C, E .49 C, S 156 FT, E 198 FT, N 46*15'W 189 FT, E 11.07 C, S 5 C, W 20 C, N 2.19 C TO BEG SUB TO R-O-W CONT 7.55 AC

R. Parcel Number 21711, .18 acres of land located in Sanpete County ("Parcel R")
<u>Legal Description</u>: Beginning 20 chains East of the Southwest Corner of Lot 4, Section 30, Township 14 South, Range 3 East, Salt Lake Base and Meridian: thence East 9.90 feet; thence North 795.30 feet; thence West 9.90 feet, more or less; thence South 795.30 feet to the point of beginning. Being part of Tax Serial No 21711.

S. Parcel Number 21712, 26.7 acres of land located in Sanpete County ("Parcel S")
<u>Legal Description</u>: BEG SW COR LOT 4 SECT 30-14-3E E 20 C, N 12.05 C, W 20 C, S 12.05 C TO BEG CONT 24.10 AC ALSO BEG 17.78 C W, SE COR SW ¼

      SEC 30-14-3E W 2.22 C, N 12.05 C, E 2.22 C, S 12.05 C TO BEG CONT 2.67 AC TOTAL 26.77A

T.    Parcel Number 21307X2, 2.18 acres of land located in Sanpete County ("Parcel T") <u>Legal Description</u>: BEG 14.25 C, S NW COR SEC 36-14-2E S 2.75 C, E 7.92 C, N 2.75 C, W 7.92 C TO BEG CONT 2.18 AC

31.    Parcels A through S of the Subject Properties, described above, are titled in the name of Grand Scale, Inc, a corporation owned, managed, and controlled by Douglas Madsen.

32.    Parcel T of the Subject Properties, described above, is titled in the name of Andrea Madsen.

## COUNT I
### Reduce 2000-2004 Federal Tax Assessments against Douglas Madsen to Judgment

33.    The United States incorporates paragraphs 1 through 32 by reference, as if fully set forth herein.

34.    Under 26 U.S.C. § 7402(a), the United States is entitled to a judgment against Douglas Madsen for $1,886,634.71, as of September 9, 2016, which is the unpaid balance of the assessed amounts described in Paragraph 12, above, plus statutory interest and any other additions accruing to the date of payment.

## COUNT II
### Reduce 2000-2004 Federal Tax Assessments against Andrea Madsen to Judgment

35.    The United States incorporates paragraphs 1 through 34 by reference, as if fully set forth herein.

36.    Under 26 U.S.C. § 7402(a), the United States is entitled to a judgment against Andrea Madsen for $1,937,128.69, as of September 9, 2016, which is the unpaid balance of the

assessed amounts described in Paragraph 19, above, plus statutory interest and any other additions accruing to the date of payment.

## COUNT III
### Request for Judgment Finding that Grand Scale, Inc. Holds Title to the Subject Properties as Douglas Madsen's and Andrea Madsen's Nominee or Transferee and Setting Aside Fraudulent Mortgages Recorded on the Subject Properties

37. The United States incorporates Paragraphs 1 through 36 by reference, as if fully set forth herein.

38. In an effort to shield his and Andrea Madsen's assets from the IRS, Douglas Madsen created a series of trusts into which he transferred Parcels A through S of the Subject Properties.

39. The trustees of Mr. Madsen's trusts had no independent decision-making power; they merely transferred property to and from the trusts at Mr. Madsen's direction, and Mr. and Mrs. Madsen continued to live at one of the properties and receive income from at least one other. *United States v. Madsen*, No. 13-4127 (10th Cir.) [ECF No. 01019447317, Order and Judgment p. 3].

40. In June 2003, Mr. Madsen created Grand Scale, Inc. in an attempt to further frustrate the United States' collection efforts.

41. Mr. Madsen was Grand Scale, Inc.'s initial President and Treasurer, and, as of June of 2004, held all of Grand Scale's corporate offices. Mr. Madsen also used his business address in Ephraim, Utah as Grand Scale, Inc.'s address.

42. After the IRS filed a NFTL against him, Mr. Madsen caused his trusts to transfer Parcels A through S of the Subject Properties to Grand Scale, Inc. between September and November 2003 for no consideration.

43. From October 2003 through December 2003, Mr. Madsen signed and recorded fictitious mortgages on Parcels A through S of the Subject Properties, identifying "Entry Level" as the purported mortgagee.

44. In 2006, Mr. Madsen filed a false UCC financing statement against Grand Scale, Inc., identifying "Willow Valley Trust" as a secured creditor of the property held by Grand Scale. *Id*.

45. Both "Entry Level" and "Willow Valley Trust" are fictitious names created by Mr. Madsen to impede the IRS in its collection of his outstanding tax liabilities. Neither the IRS nor the State of Utah has any records suggesting that either of these entities exists.

46. By filing and recording these false documents, Mr. Madsen attempted to create the appearance that there was no equity in the Subject Properties. *Id.* No funds were exchanged in consideration for the mortgages or UCC filing, nor were any legal debts secured.

47. Despite having caused transfer of Parcels A through S of the Subject Properties to Grand Scale, Inc., Douglas Madsen and Andrea Madsen have maintained a beneficial interest in the Subject Properties and have retained exclusive control and possession of the each parcel since they originally acquired it.

48. In the years preceding until immediately before his incarceration, Mr. Madsen continued to reside on one of the parcels of the Subject Properties (believed to be Parcel P), and Andrea Madsen continues to reside on that parcel. *Id.* at 3. Mr. and Mrs. Madsen do not and have never paid rent for their use of the Subject Properties and are responsible for the upkeep of the Subject Properties.

49. Mr. Madsen and Mrs. Madsen provided the funds for the purchase of the Subject Properties and are responsible for the payment of the property taxes and other bills regarding the

Subject Properties. Mr. and Mrs. Madsen also control the use and possession of each of the Subject Properties.

50. Grand Scale, Inc. paid little or no consideration for the Subject Properties when Douglas Madsen transferred the Subject Properties to Grand Scale, Inc. Mr. and Mrs. Madsen maintain possession and control of the Subject Properties, continue to use and enjoy the properties, and pay all of the expenses of the properties.

51. Based upon the foregoing, and because Mr. Madsen's transfer of the Subject Properties to Grand Scale, Inc. was for tax-avoidance purposes, Grand Scale, Inc. holds title to the Subject Properties as the nominee and transferee of Douglas Madsen and Andrea Madsen.

52. Moreover, under the provisions of Utah Code Ann § 25-6-1 *et seq.*, the fictitious mortgages recorded in favor of "Entry Level" and the false UCC financing statement filed against Grand Scale, Inc., identifying "Willow Valley Trust" as a secured creditor, were recorded with the intent to hinder, delay, and defraud the United States and should be set aside. Moreover, the fictitious mortgages and UCC filing were made without receiving a reasonably equivalent value in exchange for the obligations and were recorded to make Mr. and Mrs. Madsen appear to be insolvent, thereby hampering the IRS's ability to collect their unpaid liabilities.

53. Moreover, the actions of Douglas Madsen and Andrea Madsen, described above in connection with the transfer and use of the Subject Properties, created a resulting trust concerning the Subject Properties, in which resulting trust Douglas Madsen and Andrea Madsen have a beneficial interest.

54. Accordingly, the United States' tax liens and criminal restitution liens attach to the Subject Properties.

## COUNT IV
### Foreclose Federal Tax Liens and Criminal Restitution Liens

55. The United States incorporates paragraphs 1 through 54 by reference, as if fully set forth herein.

56. Under 26 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the Subject Properties to enforce its tax liens in order to pay the unpaid income tax liabilities of Douglas Madsen for the 2000 through 2004 tax years.

57. Under 26 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the Subject Properties to enforce its tax liens in order to pay the unpaid income tax liabilities of Andrea Madsen for the 2000 through 2004 tax years.

58. The tax liens arising from the assessments described in Paragraphs 12 and 19, above, have priority over all interests in the Subject Properties acquired after the attachment of the tax liens, subject to the notice provisions of 26 U.S.C. § 6323(a).

59. Under 18 U.S.C. § 3613(c) and 28 U.S.C. § 7403(c), the United States is also entitled to a decree of sale of the Subject Properties to enforce its liens arising from the August 30, 2013 criminal Restitution Order described in Paragraph 26, above, in order to pay Douglas Madsen's unpaid criminal restitution.

60. The liens arising from the August 30, 2013 criminal Restitution Order described in Paragraph 26, above, have priority over all interests in the Subject Properties acquired after the Restitution Order was entered, subject to the notice provisions of 18 U.S.C. § 3613(d) and 26 U.S.C. § 6323(a).

\\

\\

\\

**REQUEST FOR RELIEF**

WHEREFORE, the United States respectfully requests that the Court:

A. Enter judgment in favor of the United States and against Douglas Madsen on the assessments described in Paragraph 12, above, in the amount of $1,886,634.71, plus statutory interest and other additions accruing from September 9, 2016;

B. Enter judgment in favor of the United States and against Andrea Madsen on the assessments described in Paragraph 19, above, in the amount of $1,937,128.69, plus statutory interest and other additions accruing from September 9, 2016;

C. Determine, adjudge, and decree that Grand Scale, Inc. holds title to the Subject Properties as Douglas Madsen's and Andrea Madsen's nominee or transferee;

D. Determine, adjudge, and decree that the mortgages recorded in favor of "Entry Level" and the Uniform Commercial Code filing by "Willow Valley Trust" against Grand Scale, Inc. are of no effect as to the United States' tax and criminal restitution liens, and that the mortgages and Uniform Commercial Code filing be set aside.

E. Determine, adjudge, and decree that Douglas Madsen's and Andrea Madsen's actions in connection with the ownership, transfer, and use of the Subject Properties created a resulting trust in which Douglas Madsen and Andrea Madsen have a beneficial interest;

F. Determine, adjudge, and decree that the United States has a perfected lien interest in all property and rights to property belonging to Defendants Douglas Madsen and Andrea Madsen, and their nominee and transferee, Defendant Grand Scale,

Inc., including Parcels A through S of the Subject Properties, as of the assessment dates or acquired thereafter;

G. Determine, adjudge, and decree that the United States has a perfected lien interest in all property and rights to property belonging to Defendant Andrea Madsen, including Parcel T of the Subject Properties, as of the assessment dates or acquired thereafter;

H. Order that the United States' federal tax and criminal restitution liens be foreclosed upon the Subject Properties, that the Subject Properties be sold, and that the proceeds from the sale be distributed to the United States and all other creditors in their respective priorities, in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties;

I. Order that, to the extent the proceeds from the sale of the real property fail to satisfy the tax liens against Douglas Madsen and Andrea Madsen, a deficiency judgment be entered against Mr. Madsen and Mrs. Madsen;

J. Award the United States its costs and such other relief as is just and proper.

Dated: <u>December 6, 2016</u>                                   Respectfully Submitted,

                                                                 CAROLINE D. CIRAOLO
                                                                 Principal Deputy Assistant Attorney General

                                                                 */s/ Ryan S. Watson*
                                                                 RYAN S. WATSON
                                                                 Trial Attorney, Tax Division
                                                                 U.S. Department of Justice

                                                                 *Of Counsel*:
                                                                 JOHN W. HUBER
                                                                 United States Attorney

                                                                 *Attorneys for the United States of America*

## **CERTIFICATE OF SERVICE**

I certify that on December 6, 2016, I served the foregoing as follows:

<u>Via Email and U.S. Mail</u>:

**Brody L. Keisel**
Sanpete County Attorney
P.O. Box 157
160 North Main Street
Manti, Utah 84642
bkeisel1@gmail.com
*Attorney for Sanpete County, Utah*

<u>Via U.S. Mail</u>:

**Andrea Madsen**
19900 N West Highway
Jerusalem, UT 84632

**Douglas Madsen**
Inmate No. 14152-081
FCI Englewood
Federal Correctional Institution
9595 West Quincy Avenue
Littleton, CO 80123

**Entry Level, c/o Douglas Madsen**
Inmate No. 14152-081
FCI Englewood
Federal Correctional Institution
9595 West Quincy Avenue
Littleton, CO 80123

**Grand Scale, Inc., c/o Douglas Madsen**
Inmate No. 14152-081
FCI Englewood
Federal Correctional Institution
9595 West Quincy Avenue
Littleton, CO 80123

- 2 -

**Willow Valley Trust, c/o Douglas Madsen**
Inmate No. 14152-081
FCI Englewood
Federal Correctional Institution
9595 West Quincy Avenue
Littleton, CO 80123

**State of Utah, Tax Commission**
210 N 1950 W
Salt Lake City, Utah 84134

                                                                    */s/ Ryan S. Watson*
                                                                    RYAN S. WATSON
                                                                    Trial Attorney, Tax Division
                                                                    U.S. Department of Justice