IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>DOUGLAS R. MADSEN;<br>ANDREA C. MADSEN;<br>GRAND SCALE, INC.;<br>ENTRY LEVEL;<br>WILLOW VALLEY TRUST;<br>STATE OF UTAH, TAX COMMISSION;<br>AND SANPETE COUNTY, UTAH,<br><br>              Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR EXTENSION**<br><br>Case No. 2:16-cv-00946-DN<br><br>District Judge David Nuffer |

Defendants Douglas Madsen and Andrea Madsen, husband and wife, filed two separate pro se motions requesting additional time to answer Plaintiff's Complaint.[1] The motions are identical in substance. The only difference between the two motions is that one is signed by Andrea Madsen "for" Douglas Madsen,[2] and the other is signed by both Andrea Madsen and Douglas Madsen.[3] Because pro se filings are to be construed liberally,[4] the motions are each construed as a joint motion for extension despite terminology in each of the motions suggesting that they are motions from a "third party intervenor." The later-filed motion was filed after the United States filed an opposition to the previously-filed motion stating, among other things, that an individual pro se litigant cannot represent another pro se litigant, and that each must represent

---

[1] Motion for Enlargement of Time ("21 Motion"), docket no. 21, filed Dec. 13, 2016; Motion for Enlargement of Time ("25 Motion"), docket no. 25, filed Dec. 21, 2016.

[2] 21 Motion at 5.

[3] 25 Motion at 5.

[4] *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016) (citing *Civersey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013)).

his or her own interests.[5] Replies have not been filed, nor are they necessary for determination of these motions. For the reasons set forth below, the motions for extension are GRANTED IN PART and DENIED IN PART.

## ARGUMENTS

The Madsens, who are proceeding *pro se*, argue they need an additional 60 days to file an answer to the United States' Amended Complaint.[6] They argue that the requested extension is appropriate because Douglas is currently incarcerated in Colorado and has limited legal resources at his prison.[7] They also argue that "personal documents and material" that is necessary for filing an answer is not available at the prison "and not conveniently retrievable within the time allowed to answer."[8] "Important related documentation remains at the Madsen domicile in Moroni, Utah[.]"[9]

The Madsens also argue that they need time to consult with each other "at the aforesaid location[,]" (which is assumed to be the Madsen home in Moroni Utah) because "there is not sufficient time [or environment] to accommodate spousal communication" at the prison.[10] They argue that Douglas will be released to the halfway house in Salt Lake City on December 23, 2016 for less than 20 days. They argue that "[w]ith the Christmas and New Years holiday rapidly approaching for celebration," an additional 60 days is appropriate.[11] The Madsens argue that the

---

[5] United States' Response to Motion for Enlargement of Time ("21 Opposition"), docket no. 24, filed Dec. 21, 2016; *see also* United States' Response to Second Motion for Enlargement of Time ("25 Opposition"), docket no. 27, filed Jan. 5, 2017.

[6] 21 Motion at 5; 25 Motion at 5.

[7] 21 Motion at 2-3; 25 motion at 2-3.

[8] 21 Motion at 3; 25 Motion at 3.

[9] 21 Motion at 3; 25 Motion at 3.

[10] 21 Motion at 3; 25 Motion at 3.

[11] 21 Motion at 5; 25 Motion at 5.

United States "is not prejudiced by the enlargement of the time request."[12] The Madsens further contend that Grand Scale Inc., Entry Level, and Willow Valley Trust should not be joined as parties in this action.[13]

The United States contends that the motions should be denied, "but that all Defendants [should be] allowed 30 days (until Friday, January 20, 2017) to answer or otherwise respond to the United States' Amended Complaint."[14] The United States contends that the Madsens have not provided a sufficient basis for a 60-day extension.[15] The United States also argues that Douglas and Andrea Madsen are individual *pro se* defendants, and cannot file documents on each other's behalf.[16] The United States further argues that the entities Grand Scale, Inc., Entry Level, and Willow Valley Trust have not appeared through counsel and cannot be represented by a *pro se* and non-attorney co-defendant.[17]

## PROCEDURAL BACKGROUND

The United States filed its original Complaint on September 9, 2016,[18] and served it on Douglas Madsen November 21, 2016.[19] The United States served the Complaint on Andrea Madsen November 22, 2016.[20] On December 6, 2016, the United States filed an Amended Complaint "as a matter of course."[21]

---

[12] 21 Motion at 5; 25 Motion at 5.

[13] 21 Motion at 3-4; 25 Motion at 3-4.

[14] 21 Opposition at 1-2.

[15] *Id.* at 3.

[16] *Id.*

[17] *Id.* at 2, 3.

[18] United States' Complaint, docket no. 2, filed Sept. 9, 2016.

[19] Affidavit of Service, docket no. 13, filed Dec. 6, 2016.

[20] Proof of Service, docket no. 19, filed Dec. 6, 2016.

[21] Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course within: (A) 21 days after serving it . . . .").

Under Rule 15, a defendant must serve an answer to an amended complaint "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.[22] Here, 14 days after service of the amended pleading is the later date. Absent a request for extension, Rule 15 would have required an answer from the Defendants on or before December 20, 2016.

The Madsens filed their first motion for extension on December 13. The United States then filed its response to the motion, stipulating to extend the deadline for all Defendants to January 20, 2016. On December 21, the Madsens filed a second motion for extension, still requesting a 60-day extension on behalf of themselves and Grand Scale, Inc., Entry Level, and Willow Valley Trust. The United States opposed the second motion "for the same reasons set forth in the United States original Response[,]"[23] but continued to "agree to allow all Defendants until January 20, 2017 to respond to its Amended Complaint."[24]

## DISCUSSION

"In district court, the governing rule allows an extension of time 'for good cause.'"[25] "This rule should be liberally construed to advance the goal of trying each case on the merits."[26] "A leading treatise similarly suggests that district courts should normally grant extension

---

[22] Fed. R. Civ. P. 15(a)(3).

[23] 25 Opposition at 2.

[24] *Id.*

[25] *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016) (citing Fed.R.Civ.P. 6(b)(1)).

[26] *Rachel*, 820 F.3d at 394 (citing *Hanson v. City of Okla. City*, No. 94–6089, 1994 WL 551336, at *2 (10th Cir. Oct. 11, 1994) (recognizing that "courts often review Rule 6(b)(1) motions 'liberally' " (citation omitted)); *accord Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir.2010) (stating that Rule 6(b) must be " 'liberally construed to effectuate the general purpose of seeing that cases are tried on the merits' " (citation omitted)); *see also* Fed.R.Civ.P. 1 ("[The Federal Rules] should be construed, administered, and employed ... to secure the just, speedy, and inexpensive determination of every action and proceeding.")).

requests, made before the deadline, in the absence of bad faith by the requesting party or prejudice to another party.[27]

Because the United States has stipulated to extend the deadline for all Defendants to answer the Amended Complaint to January 20, 2016, there is good cause to extend the deadline. However, there is not good cause to extend the deadline beyond January 20 because the Madsens' stated reasons for a 60-day extension—incarceration and inaccessibility to important documents—no longer exist. According to the Madsens' motions for extension, Douglas was released from prison on December 23, 2016, "with less than 20-days of release to a half-way house in Salt Lake City, Utah [.]"[28] Even if Mr. Madsen serves 20 days in the half-way house, he will be released on Thursday, January 12, 2017, and would still have over a week to meet the January 20 deadline. It is possible that he has already been released since he was only required to serve "less than" 20 days.

## CONCLUSION

Since motions for extension "should be liberally construed to advance the goal of trying each case on the merits[,]" and there does not appear to be bad faith on the part of the Madsens in filing the motions for extension, the motions for extension will be granted in part and denied in part. There is no prejudice to the United States in allowing an extension to a stipulated date.

Accordingly, the motions are denied to the extent they request a 60-day extension and request relief for Grand Scale, Inc., Entry Level, and Willow Valley Trust. "[A] corporation must be represented by an attorney to appear in federal court."[29] They are granted to the extent that all

---

[27] *Rachel*, 820 F.3d at 394 (citing 4B Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, Federal Practice and Procedure § 1165, at 605–08 (2015)).

[28] 21 Motion at 2-3.

[29] *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (citing *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001) ("[A] corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.")).

Defendants will have additional time beyond the December 20, 2016 deadline to answer the Amended Complaint. The extension to January 20, 2017 is granted pursuant to the United States' stipulation to extend the deadline. Mrs. Madsen's signature will not be recognized on future filings on behalf of Mr. Madsen, and any future documents signed by Mrs. Madsen on behalf of Mr. Madsen will be stricken.

## ORDER

IT IS HEREBY ORDERED that the 21 Motion[30] and the 25 Motion[31] are GRANTED IN PART and DENIED IN PART. All Defendants have leave to file an answer to the Amended Complaint on or before January 20, 2017. Grand Scale, Inc., Entry Level, and Willow Valley Trust must do so through an attorney.


Dated January 9, 2017.


BY THE COURT:

David Nuffer
United States District Judge

---

[30] Motion for Enlargement of Time ("21 Motion"), docket no. 21, filed Dec. 13, 2016.

[31] Motion for Enlargement of Time ("25 Motion"), docket no. 25, filed Dec. 21, 2016.